SAWYERS, CARTWRIGHT and PETE *v.* THE STATE.

1. CRIMINAL LAW. *Evidence.* A defendant, under indictment for a criminal offense, may prove that another person had a motive, or ground for a motive, to commit the offense with which he is charged.

2. SAME. *Res gestæ.* When the State proved that one of the defendants was seen on the morning of the day of the homicide going in the direction of W.'s, and was afterward seen returning with another of the defendants riding behind him, the defendants may prove as a part of the *res gestæ*, the declarations of said defendants, made at the time, explanatory of their conduct.

3. ALIBI. It was error for the circuit judge to charge the jury that if the proof of an *alibi* was false, the presumption was that the evidence of the prosecution was true.

FROM DAVIDSON.

Appeal in error from the Criminal Court of Davidson county.   MATT. W. ALLEN, J.

N. N. COX, JNO. V. WRIGHT, MOSES R. PRIEST and SP'L HILL for Sawyers, Cartwright and Pete.

ATTORNEY-GENERAL LEA and W. T. TURLEY for the State.

TURNEY, J., delivered the opinion of the court.

The accused were indicted for the murder of James Carter. The proof is altogether circumstantial. Two men were convicted of murder in the second degree, and one of manslaughter.

The State was permitted to show, over the objections of defendants, that the deceased had instituted a prosecution against Sawyers for a felonious assault, said to have been committed several months before the homicide, as tending to show motive on the part

of Sawyers.   The defense offered to prove that deceased had instituted criminal proceedings against two other persons for robbery, which was rejected on objection of the State.   It is a rule of law that the guilt of the accused must be made out to the exclusion of every other reasonable hypothesis.   If there is proof in the possession of an accused tending to show that another had the motive, or was in condition to be acted upon by causes which might produce the motive to commit the offense, such facts may be shown as items of proof tending to establish a motive in the breast of such other person, and to that extent prove the existence of an hypothesis inconsistent with the guilt of the prisoner, the value of such evidence to be determined by the jury, who should give to it any such weight as its surroundings might justify.

The testimony should have been admitted.

The State proved that Sawyers was seen on the morning of the day of the homicide going in the direction of Waller's, and was afterward seen returning, with Cartwright riding behind him.   The defense offered to prove the declarations of Cartwright and Sawyers, made at the time, explanatory of their conduct; this was rejected.

The declarations were parts of the *res gestœ* and should have been admitted, their value to be ascertained by a consideration of all the evidence.

The court charged the jury, "If the proof of an *alibi* being true, would work a complete destruction of the charges against the defendants, should turn out

to be false and manufactured, the legal presumption is, that the evidence introduced by the State, and upon which it bases a claim for the conviction of the defendants, whether weak or strong, is true."

This was error. The only effect such a state of affairs as that presented in the charge of His Honor could have upon the testimony of the State, would be to leave it unimpeached by the attempted or false and manufactured proof of an *alibi*, and to be considered and weighed by the jury in its deliberations upon its own strength and value. If of itself insufficient to warrant a conviction, or should bear internal evidences of falsehood, or its credulity has been impeached by more or equally reliable testimony, or by testimony creating doubts of its trustworthiness, such defects cannot be supplied or cured by the failure to sustain the defense of *alibi*. It does not follow that, because the defense has offered to sustain itself by falsehood, the prosecution has not. While the law presumes every man to speak truth, yet if that presumption be removed, it does not deprive the party of showing from itself or otherwise, that the proof of his adversary is insufficient or untrue. The jury may look to the attempt and failure to prove an *alibi* as a fact against the defendant, weak or strong, as justified by the surroundings, but not as rejecting a legal presumption of the truth of other proof against him.

Other errors are suggested in argument which we deem unnecessary to be noticed, as the judgment must be reversed for the reasons stated, and the cause remanded for another trial.